**NOT FOR PUBLICATION**

JAN 17 2013

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO ALEJANDRO GUTIERREZ, | No. 12-35158 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-06204-KI |
| v. | |
| MAX WILLIAMS, Director Oregon Department of Corrections; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted January 15, 2013[**]

Before: SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Oregon state prisoner Antonio Alejandro Gutierrez appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

defendants violated his constitutional rights by selling him defective shoes in the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

prison commissary. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Fed. R. Civ. P. 12(b)(6). *Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Gutierrez's Eighth Amendment claim because Gutierrez failed to allege facts showing a "sufficiently serious" deprivation or that defendants acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (outlining elements of an Eighth Amendment violation).

Dismissal of Gutierrez's due process claim was proper because Gutierrez has an adequate post-deprivation remedy under Oregon state law. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); *see also* Or. Rev. Stat. § 30.260 et seq.

Dismissal of Gutierrez's equal protection claim was proper because Gutierrez failed to allege facts demonstrating that defendants acted with the intent to discriminate against him on the basis of his membership in a protected class.

*See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005); *see also Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999) (indigent prisoners are not a suspect class).

**AFFIRMED.**